**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JEAN PERRENOD MAMAKOS,

                    Plaintiff,                               **ORDER**

       - against -                         CV 14-7294 (JFB) (AKT)

UNITED AIRLINES, INC.,

                    Defendant.
-------------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff seeks the following relief from the Court: (1) an Order pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) striking he Defendant's Answer in its entirety for the failure to comply with this Court's Order of October 24, 2017; or, in the alternative, (2) an Order pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii) and (c)(1) for sanctions precluding the Defendant from offering witnesses and evidence at trial; or, in the alternative, (3) an Order pursuant to Fed. R. Civ. P. 37(a)(3)(A) and (B) compelling the Defendant to provide, by a specific date, certain documents requested in Plaintiff's First Request for Document Production dated August 24, 2017; (4) an Order pursuant to Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C) and (c)(1)(A), awarding Plaintiff costs and reasonable expenses, including attorney's fees incurred in making the instant motion; and (5) such other relief as the Court deems just and equitable. *See* Plaintiff's Motion to Compel ("Pl's. Mot.") [DE 54].

**I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

      The instant action arises from the alleged wrongful ejectment of Plaintiff from an airline flight operated by United Airlines. *See generally* Second Amended Complaint ("SAC") [DE 75]. During the Initial Conference in this case, the Court set a deadline of October 27, 2016 for service of requests for the production of documents and interrogatories and a deadline of

December 8, 2016, for serving responses to those requests. DE 26. At that same conference, the Court advised that the discovery cut-off date was May 18, 2017. DE 25. In January 2017, the Court was informed that Plaintiff's counsel was experiencing certain medical issues which precipitated a request to extend the discovery deadlines. DE 30. Plaintiff's counsel was absent from this case until May 16, 2017, when she requested a conference to get discovery back on track. DE 38. The parties participated in a conference before this Court on May 23, 2017. DE 39. At that time, the Court reset the discovery deadlines. Plaintiff was directed to provide responses to Defendant's discovery demands by May 30, 2017. Likewise, the Court set the same deadline for Plaintiff to serve her Rule 26(a) Initial Disclosures. Any discovery demands which Plaintiff intended to serve had to be served by June 2, 2017. Responses to Plaintiff's discovery demands had to be served by July 14, 2017 and all fact depositions were to be completed by November 15, 2017.

Discovery failures on the part of the Plaintiff prompted Defendant to file a motion for sanctions seeking dismissal, preclusion, or an Order compelling Plaintiff to provide appropriate responses to Defendant's discovery demands. DE 44. The Court denied the request for dismissal or preclusion. DE 47. However, the Court directed Plaintiff to prepare proper responses to each document request and to serve them on opposing counsel, as well Plaintiff's Amended Rule 26(a) disclosures, no later than September 7, 2017. *Id*. ¶¶ 2, 4. The Court further ruled that "the plaintiff is precluded from serving any interrogatories based on the failure to comply with the Court's Orders." *Id*. ¶ 5. The Court imposed a $500 sanction on Plaintiff's counsel for the time Defendant spent in preparing the motion for sanctions. *Id*. ¶ 6.

Plaintiff's counsel subsequently filed a letter motion seeking a further extension of time to complete discovery. DE 51. Plaintiff advised that she did not receive Defendant's responses

to her discovery demands until after the deadline for service had expired. Moreover, counsel explained, she was in the process of bringing to defense counsel's attention purported deficiencies in their responses. The Court issued an Order setting a deadline by which counsel were required to meet and confer to address any issues concerning discovery responses. To the extent counsel were unable to resolve all outstanding disputes, they were permitted to file Local Rule 37.1. motions no later than November 17, 2017. DE 53.

The parties' inability to resolve their disputes prompted Plaintiff's counsel to file the instant motion seeking Court intervention. Defendant subsequently filed its opposition to the motion. DE 55. Shortly thereafter, Plaintiff's counsel submitted a letter application arguing that Defendant's Opposition constitutes a motion to dismiss Plaintiff's negligence and negligent infliction of emotional distress causes of action. DE 56. Counsel requests that if the Court interprets the application as such that Plaintiff be permitted to submit a reply. *Id*.

## II.    APPLICABLE LAW

### A.  Fed. R. Civ. P. 26

Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable ... if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'") (internal citation omitted); *Denim Habit, LLC v. NJC Boston, LLC*, No. 13 CV 6084, 2016 WL 2992124, at *3 (E.D.N.Y. May 23, 2016). Notably, although Rule 26 still permits a wide range of discovery based upon relevance and proportionality, the "provision authorizing the court ... to order discovery of any matter relevant to the subject matter involved

in the action" has been eliminated. Rule 26 Advisory Committee Notes to 2015 Amendments;
*see Sibley*, 2015 WL 9413101, at *2 (internal citation omitted). The rationale behind the
elimination of this phrase is that it "has been used by some, incorrectly, to define the scope of
discovery." Rule 26 Advisory Committee Notes to 2015 Amendments. Thus, Rule 26(b)(1), as
amended, although not fundamentally different in scope from the previous version "constitute[s]
a reemphasis on the importance of proportionality in discovery but not a substantive change in
the law." *Vaigasi v. Solow Mgmt. Corp*., No. 11 CIV 5088, 2016 WL 616386, at *13 (S.D.N.Y.
Feb. 16, 2016); *see Robertson v. People Magazine*, No. 14 Civ. 6759, 2015 WL 9077111 at *2
(S.D.N.Y. Dec. 16, 2015) ("[T]he 2015 amendment [to Rule 26] does not create a new standard;
rather it serves to exhort judges to exercise their preexisting control over discovery more
exactingly.").

Notwithstanding the foregoing principles, however, "[t]he party seeking discovery must
make a *prima facie* showing that the discovery sought is more than merely a fishing expedition."
*Barbara v. MarineMax, Inc*., No. 12 Civ. 368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10,
2013) (quoting *Wells Fargo Bank, N.A. v. Konover*, No. 05 Civ. 1924, 2009 WL 585430, at *5
(D. Conn. Mar. 4, 2009)) (internal quotation marks omitted); *Evans v. Calise*, No. 92 Civ. 8430,
1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994) (citing *Abu–Nassar v. Elders Futures Inc*.,
1991 WL 45062, *15 (S.D.N.Y.); *Samuels v. Eleonora Beheer, B. V*., 500 F. Supp. 1357, 1362
(S.D.N.Y. 1980), *aff'd sub nom. Beheer v. Samuels*, 661 F.2d 907 (2d Cir. 1981), *and aff'd sub
nom. Samuels v. Beheer*, 661 F.2d 910 (2d Cir. 1981); *Contemporary Mission, Inc. v. United
States Postal Service*, 648 F.2d 97, 107 (2d Cir. 1981)). In general, "[a] district court has broad
latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v.
Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab.*

*Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014); *Barbara*, 2013 WL 1952308, at *3 ("Courts afford broad discretion in magistrates' resolution of discovery disputes.") (collecting cases); *AMW Materials Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 72 (E.D.N.Y. 2003)) (A district court has "broad discretion to determine whether an order should be entered protecting a party from disclosure of information claimed to be privileged or confidential.").

### B. Fed. R. Civ. P. 34

Rule 34(a) of the Federal Rules of Civil Procedure delineates the type of items which a requesting party may "inspect, copy, test or sample" when such items are in the "responding party's possession, custody, or control [.]" Fed. R. Civ. P. 34(a). The overall scope of Rule 34 is broad and includes "information that is fixed in a tangible form and to information that is stored in a medium from which it can be retrieved and examined. At the same time, a Rule 34 request for production of 'documents' should be understood to encompass, and the response should include, electronically stored information...." Fed. R. Civ. P. 34 (Advisory Committee Notes to 2006 Amendments). Rule 34(b)(2)(E) governs the manner in which production of documents or electronically stored information ("ESI") must be made. The Rule states as follows:

> (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> > (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> >
> > (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E).  By their terms, Rule 34(b)(2)(E)(i) and (ii), concerning the production of documents or ESI respectively, permit the producing party, unless otherwise ordered by the Court, to choose which method to produce the items sought by the requesting party.  Thus, "under the provisions of Rule 34(b)(2) a responding party clearly controls the manner in which production will occur, and specifically which of the two prescribed methods of production will be employed." *Pass & Seymour, Inc. v. Hubbell Inc*., 255 F.R.D. 331, 334 (N.D.N.Y. 2008) (citing *MGP Ingredients, Inc. v. Mars, Inc*., No. 06–2318, 2007 WL 3010343, at *3 (D. Kan. Oct. 15, 2007)).

With regard to documents produced in accordance with Rule 34(b)(2)(E)(i), where a producing party elects to produce such documents as they are kept in the usual course of business, a party "must do more than merely represent to the court that the party complied with Rule 34(b)(2)(E)(i)." *Distefano v. Law Offices of Barbara H. Katsos, PC*, No. CV 11-2893, 2013 WL 1339536, at *5 (E.D.N.Y. Mar. 29, 2013).  Instead, courts generally require the party to explain how its documents are organized in the ordinary course of business and what steps the party took to search and produce the documents. *Id*.; *see, e.g., Century Jets Aviation LLC v. Alchemist Jet Air LLC*, No. 08–CV–9892, 2011 WL 724734, at *3–4 (S.D.N.Y. Feb. 8, 2011); *Synventive Molding Solutions, Inc. v. Husky Injection Molding Sys., Inc*., 262 F.R.D. 365, 371 n. 9 (D. Vt. 2009); *Pass & Seymour, Inc*. 255 F.R.D. at 333-38 (collecting cases). However, the "rule does not require the responding party to alter their record keeping to meet the movant's discovery categories." *Hill*, 2011 WL 4439445, at *5 (collecting cases).  Further, "[t]he most obvious means of complying with the requirement of Rule 34(b) to produce documents as they are kept in the usual course of business is to permit the requesting party to inspect the documents

where they are maintained, and in the manner in which they are organized by the producing party." *Pass & Seymour, Inc.*, 255 F.R.D. at 336.

### III.   APPLICATION TO THE FACTS

#### A.   Preliminary Matters

Plaintiff argues that Defendant's opposition constitutes a motion to dismiss Plaintiff's negligence and negligent infliction of emotional distress causes of action, and as such, Plaintiff should be permitted to file a full Reply.  DE 56.  Plaintiff appears to be interpreting Defendant's opposition in this manner based on to defense counsel's representation that Judge Bianco dismissed Plaintiff's negligence and negligent infliction of emotional distress claims in connection with Defendant's motion to dismiss.  Defendant further argues in its Opposition that as a result of the dismissal, certain discovery which Plaintiff requests does not relate to any of the claims that are still at play.  The Court has considered Plaintiff's argument in conjunction with Defendant's Opposition and has determined that the latter does not constitute a motion to dismiss.  Consequently, the submission will not be treated as such, and Plaintiff's request to file a Reply is denied.  In connection with the parties' dispute over which claims remain, the Court notes that Judge Bianco recently granted Plaintiff leave to file a Second Amended Complaint. *See* Electronic Order of July 13, 2018.  On July 23, 2018, Plaintiff filed her Second Amended Complaint, which sets forth causes of action for negligence, gross negligence, willful and wanton negligence, negligent infliction of emotional distress and breach of contract.  DE 75.

In view of the fact that the parties previously disputed which claims in this case were still active, the Court requested that they submit a status report advising whether the filing of the Second Amended Complaint had any impact on the pending discovery dispute.  Electronic Order of September 5, 2018.  The Court also inquired whether any portion of the discovery dispute had been resolved.  In response to the Court's Order, counsel for Defendant advised that Judge

Bianco has "clarified plaintiff's causes of action which was formerly a matter of dispute between the parties. It appears settled now that plaintiff's causes of action sound in negligent infliction of emotional distress, negligence, gross negligence, willful and wanton negligence and breach of contract." DE 77. Plaintiff's counsel argues that Defendant's characterization of the state of Plaintiff's claims is "disingenuous" since her negligence and negligent infliction of emotional distress claims "existed from the inception of this litigation." DE 78. Plaintiff explains that in November 2017, Defendant supplemented its production with an incident report which "outlines the tortious actions of the defendant towards the plaintiff and laid a strong foundation for the filing of [Plaintiff's] motion to amend [the] complaint." Counsel further represents, however, that Defendant has failed to turn over the remainder of the discovery requested in Plaintiff's motion to compel.

The Court notes that both sides set forth in their letters information beyond that contemplated by the Court's September 5, 2018 Order. Defendant argues that the Second Amended Complaint differs substantially from that which was submitted to Judge Bianco in support of Plaintiff's motion to amend. DE 77. Plaintiff responds to this argument in her letter. These matters will be taken up with Judge Bianco, who decided Plaintiff's motion to amend. Defendant's request to strike certain portions of the Second Amended Complaint is currently pending before Judge Bianco. DE 79.

Plaintiff also argues in her letter that Defendant has failed to file an answer or otherwise respond to Plaintiff's Second Amended Complaint and that the time to do so has expired. Since Defendant is seeking to strike certain portions of the Second Amended Complaint, no answer to that pleading is yet due.

## B.    Requests for Production

The Court notes at the outset that certain of Defendant's responses do little more than interpose boilerplate generalized objections.  By way of example, counsel states "Objection.  The demand is indecipherable, vague, ambiguous, overly broad, unduly burdensome, seeks material that is privileged and proprietary in nature and not reasonably calculated to lead to the discovery of admissible evidence."  Counsel does so, however, without setting forth, with particularity, why and how the documents sought are irrelevant or overbroad.  *See Jacoby*, 254 F.R.D. at 478 ("boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse").  Likewise, such boilerplate objections are no longer viable or acceptable as a result of the 2015 Amendments to the Federal Rules of Civil Procedure.  For example, when a party asserts privilege as a grounds for withholding otherwise discoverable materials, that party must, in accordance with Fed. R. Civ. P. 26(b)(5)(A), (1) "expressly make the claim," and (2) "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  It does not appear that Defendant has done so here.  The Court further notes that requests using the overbroad language "any and all" when posing a document request or interrogatory are not permissible.  Many of the requests posed by Plaintiff's counsel here suffers from that very infirmity.  Defendant's counsel has clearly applied the wrong standard under current Rule 26.

Despite the aforementioned deficiencies in both Plaintiff's requests and Defendant's responses, for this occasion only, based on the length of time the motion has been pending, the Court will address the merits of each response and the objection raised by Plaintiff's counsel in

an effort to get discovery back on track. The Court issues the following rulings with respect to

the document requests.

(1) <u>Demand No. 6</u>: This request suffers from the "any and all" infirmity discussed above. The Court also finds that Defendant's initial response is unacceptable. Plaintiff argues that Defendant continues to refuse to provide any "inter-office written/computer generated communication/reports." However, according to Defendant's opposition, it has produced "inter-office written computer generated communications." Moreover, Plaintiff herself states that Defendant has produced "formally labelled incident reports." The Court finds that Defendant's subsequent production in combination with the production made in connection with other document demands, satisfies the Defendant's obligation here.

(2) <u>Demand No. 7</u>: No further production required. See above.

(3) <u>Demand No. 8</u>: No further production required. See above.

(4) <u>Demand No. 9</u>: No further production required. See above.

(5) <u>Demand No. 11</u>: This request is truly overbroad and suffers from the same "any and all" infirmity. As with the above demands, Plaintiff's counsel argues that Defendant refuses to turn over "any inter-office written/computer generated communication/reports other than formally labelled incident reports." However, Defendant represents that he has turned over "inter-office written computer generated communications." As such, the Court will not require any further production by Defendant unless Plaintiff can show a specific basis/example of what counsel claims has not been produced here.

(6) <u>Demand No. 12</u>: Defendant is directed to turn over all regulation/procedure policies or manuals in effect on the date of the incident which pertain to "flight personnel interaction with passengers" and the forced removal of passengers from an aircraft. The Court finds that Defendant's preemption argument is misplaced.

(7) <u>Demand Nos. 14 and 15</u>: Defendant already turned over computer generated communication and formal reports. Defendant further supplemented its response with Mr. George Giering's March 21, 2013 letter referenced by Plaintiff, the correspondence issued in response and internal notes from Customer Care, as well as the identities of the United employees who prepared the same. Defendant explains that it is not in possession of any further discovery responsive to these demands. To the extent there exists any other materials regarding Defendant's investigation into the incident that are unrelated to the March 21, 2013 letter, Defendant is directed to turn over the same.

(8) <u>Demand No. 19</u>: No further response required. This document demand is, in substance, an interrogatory. During the August 7, 2017 conference, the Court held that Plaintiff waived her right to serve interrogatories due to her non-compliance with Court Orders.

(9) <u>Demand No. 20</u>: Defendant is directed to turn over the requested materials.  Again, the Court finds that Defendant's preemption argument is misplaced.

(10) <u>Demand No. 25</u>: Defendant originally objected to this request on the grounds that it makes no material fact more or less likely since only Plaintiff's breach of contract claim survived Defendant's motion to dismiss.  This objection is overruled since it is clear that Plaintiff's negligence claims continue to be viable.  Defendant further objected on the grounds that Fed. R. Evid. 404(b) prohibits the use of other wrongful acts to show that the defendant has a propensity to commit the act in question.  Fed. R. Evid. 406, however, provides that "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 125 (2d Cir. 2016).  In view of Fed. R. Evid. 406, the Court directs Defendant to produce incident and resolution reports responsive to this request.  However, the Court is limiting the time period for which Defendant must produce materials to five years prior to the commencement of the instant action.  The Court notes that in order for this type of evidence to be ultimately admissible at trial, it must establish the existence of "a regular response to a repeated specific situation." *Zubulake v. UBS Warburg LLC.*, 382 F. Supp. 2d 536, 543 (S.D.N.Y. 2005).  The Court will not require Defendant to set forth a list since that request takes on the form of an interrogatory, which Plaintiff is precluded from serving on Defendant.

(11) <u>Demand No. 26</u>:  The Court finds this request to be overly broad since it includes situations in which the passenger "voluntarily removed herself."  Here, Plaintiff alleges that she was forcibly removed when police officers dragged her by the legs off of the aircraft.  The Court will not require any production beyond the scope of Demand No. 25.

(12) <u>Demand No. 27</u>:  The Court will not require any production beyond the scope of Demand No. 25.

(13) <u>Demand No. 28</u>: This request is overly broad and takes the form of an interrogatory.  Defendant is not required to produce materials or otherwise respond to this demand.

(14) <u>Demand No. 30</u>:  In Defendant's opposition, counsel represents that Defendant supplemented the response to this demand by producing a layout of the aircraft and the seats of Plaintiff and 40 other passengers. Defendant's counsel further states that Defendant is not in possession of Plaintiff's plane ticket, boarding pass, travel itinerary or any other discovery responsive to this demand.  Based on these representations, the Court will not require any further production by Defendant.

(15) <u>Demand No. 40</u>:  Defendant is directed to turn over the boarding policy that was in place on the date of the incident.

(16) <u>Demand No. 43</u>:  The portion of the request seeking incident reports pertaining to all arrests made is overly broad. Removing that portion of the demand makes it duplicative of Demand No. 25. The Court will therefore not require any further production.

(17) <u>Demand No. 44</u>:  This request is limited to reports pertaining to forced passenger ejectment.  The time period is limited to 5 years prior to commencement of this litigation.

To the extent the Court has directed Defendant to produce additional information, that production must be completed within 14 days of entry of this Order.  The Court declines to deem any of Defendant's objections waived.  Moreover, since the Court is directing further production by Defendant, Plaintiff's request for alternative relief is denied.

Plaintiff seeks an award of attorney's fees and costs pursuant to Fed. R. Civ. P. 37.  Under Rule 37, when a motion is granted, in part, and denied, in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  "[D]istrict courts have broad discretion in imposing sanctions." *Carbajal v. Vill. of Hempstead*, No. CV024270, 2003 WL 23138447, at *5 (E.D.N.Y. Dec. 22, 2003) (citing *Corp. of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 35 (2d Cir. 1987)).  The Court finds that an award of attorney's fees is not warranted in these circumstances.

Based on the foregoing findings, Plaintiff's motion to compel is GRANTED, in part, and DENIED, in part.

**SO ORDERED.**

Dated:    Central Islip, New York
            September 28, 2018

<u>/s/ A. Kathleen Tomlinson</u>
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge
