```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
JEAN PERRENOD MAMAKOS,

                Plaintiff,
                                              ADOPTION ORDER
        - against-                            14-CV-7294(JS)(AKT)

UNITED AIRLINES, INC.,

                Defendant.
--------------------------------------X
APPEARANCES

For Plaintiff: Patricia A. Swicicki, Esq.
               Law Office of Patricia Swiciciki
               83 Third Avenue
               Huntington Station, New York 11746

For Defendant: Dennis J. Brady Esq.
               Alexi T. Poulianos, Esq.
               Gerber Ciano Kelly Brady LLP
               228 Park Avenue South, Suite 97572
               New York, New York  10003

               Eugene Massamillo, Esq.
               Jennifer Huang, Esq.
               KMA Zuckert LLC
               1350 Broadway, Suite 2410
               New York, New York  10018
```

SEYBERT, District Judge:

Pending before the Court are Plaintiff Jean Perrenod Mamakos's ("Mamakos" or "Plaintiff") objections to the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated September 22, 2020 (the "Report")[1]

---

[1] The Report has also been published in an electronic database, albeit with the wrong decision date. See Mamakos v. United Airlines, Inc., No. 14-CV-7294, 2018 WL 4861392 (E.D.N.Y. Sept. 28, 2018).  As the parties have cited to pages in the Report as

1

recommending, inter alia, that the Court grant defendant United Airlines, Inc.'s ("United" or "Defendant") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Report, ECF No. 124; Def. Summ. J. Mot., ECF No. 110; Pl. Obj., ECF No. 126.)  For the reasons set forth below, Plaintiff's objections are OVERRULED, Judge Tomlinson's Report is ADOPTED in its entirety, and Defendant's motion for summary judgment is GRANTED.

DISCUSSION

I. Standard Of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2).  Any portion of such a report and recommendation to which a timely objection has been made is reviewed de novo.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).  The Court is not required, however, to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).  In addition, general objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review."

---

maintained on the Court's docket, this Order cites to that document as well.

Owusu v. New York State Ins., 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted); see also Thomas v. City of New York, Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("[o]bjections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review."). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. Owusu, 655 F. Supp. 2d at 312-13.

II. Objections

Defendant filed its motion on October 11, 2019, seeking summary judgment on all seven (7) causes of action asserted in Plaintiff's Second Amended Complaint. The Honorable Sandra J. Feuerstein referred the motion to Judge Tomlinson on December 2, 2019.[2] (See Dec. 2, 2019 Elec. Referral Order.) On September 22, 2020, Judge Tomlinson filed her Report, recommending that this Court grant Defendant's motion as to the first six (6) claims, which assert various claims of negligence, gross negligence and negligent infliction of emotional distress, as preempted by

---

[2] This matter was originally assigned to then-District Judge Joseph F. Bianco, reassigned to Judge Feuerstein on May 31, 2019, and reassigned to the undersigned on April 20, 2021.

3

federal law. The Report further recommends that the Court grant the motion as to the remaining claim for breach of contract, which seeks a refund of monies paid by Plaintiff for her plane fare, concluding that she abandoned the claim by failing to oppose the portion of Defendant's motion seeking dismissal of this claim.

Plaintiff objects to the Report arguing, inter alia, that Judge Tomlinson erred in: (1) finding there were no arbitrary and capricious acts on the part of Defendant and failing to consider the facts of the case (Pl. Obj. at 4-7); (2) determining that Plaintiff's assertions were speculative while accepting Defendant's contemporaneous incident report (id. at 7-10); (3) finding that Defendant was not barred from raising issues regarding preemption under the Airline Deregulation Act ("ADA") and Federal Aviation Act ("FAA") at the summary judgment stage because those arguments had been addressed by then-District Judge Bianco and were thus "law of the case" (id. at 10); (4) creating "new law" not intended by Congress by "inferring airlines are shielded and immune for its tortuous acts" (id. at 11); (5) finding that the FAA intended exclusive preemption including the entire field of air safety (id. at 12-14); (6) concluding that Plaintiff failed to address Defendant's FAA claims as a basis for summary judgment (id. at 14-17); (7) failing to address Plaintiff's ADA argument (id. at 17-18); (8) deeming Plaintiff's breach of contract claims abandoned since those claims are "fully discussed

4

within the memorandum of law beginning on page 23" (id. at 18); (9) determining that airlines need not provide passengers with a copy of the contract of carriage (id. at 18-22); (10) finding that Plaintiff failed to address whether a refund was issued in light of Plaintiff's Attorney Affirmation (id. at 22); (11) concluding that there were no issues for which a reasonable jury could find in Plaintiff's favor despite discrepancies between the contemporaneous incident report and defense witness testimonies (id. at 22-23); and (12) stating that Plaintiff failed to depose the flight attendants (id. at 23). Defendant responded and opposes Plaintiff's objections. (See Def. Resp., ECF No. 127.)

III. Analysis

The Court presumes the parties' familiarity with the Report and the factual and procedural background of this case.

A. The Court Reviews the Report for Clear Error

Plaintiff's general objections and reiterations of the arguments in her original papers that were fully considered, and rejected, by Judge Tomlinson are insufficient to invoke de novo review. See, e.g., Colvin v. Berryhill, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order) (holding that a general objection to a magistrate judge's report "does not constitute an adequate objection under [] Fed. R. Civ. P. 72(b)."); Benitez v. Parmer, 654 F. App'x 502, 503 (2d Cir. 2016) (summary order) (holding that the plaintiff's general objection to the magistrate judge's report

5

and recommendation was insufficient to obtain de novo review). Accordingly, the Court reviews the Report for clear error. Finding none, the Report is adopted in its entirety.

B. Objections Regarding Overlooked Arguments

Several of the objections raise the same arguments raised by Plaintiff in opposition; nonetheless, as Plaintiff contends these arguments were overlooked by Magistrate Judge Tomlinson, the Court conducts a de novo review.

The Report concludes that Captain Jeffries's decision (the "Captain" or "Captain Jeffries") to have Plaintiff removed from the aircraft as a safety threat under the FAA was not arbitrary and capricious. Plaintiff objects to the finding that Plaintiff failed to address the FAA standards and further objects to the Report's failure to address the ADA standards. Throughout her submissions, Plaintiff asserts arguments within the framework applied under the ADA and, in urging application of the ADA, she "respectfully submits that the ADA is superior to the FAA." (Pl. Obj. at 15, 17-18.)  Plaintiff's suggestion that the FAA is inferior to, or has somehow been supplanted by, the ADA is unsupported. The ADA pertains to "economic deregulation to promote competition is distinct and separate from the larger overarching safety issue that originally motivated passage of the FAA." See Curtin v. Port Auth. of New York & New Jersey, 183 F. Supp. 2d 664, 671 (S.D.N.Y. 2002). Passage of the ADA provides

6

no basis "for inferring that Congress intended to change the pre-existing federal scheme of regulating air safety in the original FAA." Id. Having found in United's favor on its argument that the FAA provided a basis for preemption, the Court finds that Judge Tomlinson did not err in declining to make any determinations regarding the ADA.

The Report also found that Plaintiff did not specifically contest United's arguments regarding her entitlement to a refund and whether the refund was issued. As a result, Judge Tomlinson recommended that this Court deem Plaintiff's breach of contract claim to be abandoned "to the extent it seeks a refund." (Report at 32-33; id. at 32 ("[s]ignificantly, at no point in her memorandum of law does Plaintiff specifically contest United Airlines' argument with respect to the issuance of a refund.").) Plaintiff suggests that the finding of abandonment is erroneous, asserting that the claim was "fully discussed" by pointing to her memorandum of law starting on page 23. (Pl. Obj. at 14.) Upon review of the cited pages in Plaintiff's underlying opposition papers, the Court finds no discussion of the refund issue therein. Therefore, the Court overrules this objection.

Plaintiff also objects to Judge Tomlinson's finding that she abandoned her refund claim by referring to a single paragraph in her attorney's affirmation submitted in opposition to the underlying motion. (See Affirmation of Patricia A. Swicicki, ECF

7

No. 118.) The cited paragraph, which does not include reference to any supporting evidence, reads in its entirety as follows:

> Plaintiff's repeated attempts to obtain a refund for the unused portion of her pre-paid United Airlines airfare were unsuccessful and her demands for a refund were denied: The Plaintiff has never been reimbursed and United Airlines both ignored her requests for a refund, then falsely taken the position that a refund was made in spite of the fact that to date Plaintiff has never received any refund of her ticket whatsoever.

(Id. ¶ 59.)[3] Rule 56 provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). Thus, counsel's affirmation, which was not based on the personal knowledge and was unsupported by any citation to evidence, has no probative value. See, e.g., Merrill Lynch, Pierce Fenner & Smith Inc. v. Sohmer, No. 16-CV-1856, 2019 WL 1441126, at *9 n.19 (E.D.N.Y. Mar. 29, 2019) (finding party inappropriately relied upon an attorney's declaration to create a disputed issue of fact and noting that "[a]lthough an attorney's affidavit can be used, in connection

---

[3] Plaintiff testified that she did not pay United directly for the trip, but rather paid the Danbury Ski Club, from which she never received a refund. (Pl. Dep., Def's Ex. C, ECF No. 110-5, at 15:7-14, 24:8-17.) She further testified that she did not know who paid for the airfare or whether the payer received a refund. (Id. at 26:14-23.)

8

with a summary judgment motion, to place documents produced in discovery before the [c]ourt, an attorney's declaration containing factual allegations not based on personal knowledge does not carry any weight" (alteration in original; internal quotation marks and citation omitted)). As Plaintiff's objections regarding abandonment of the refund claim are without basis, they are rejected and overruled.

C. <u>Objections Concerning the Sufficiency of Evidence</u>

Plaintiff raises several objections regarding the weight and sufficiency of the evidence as it pertains to whether United's actions were arbitrary and capricious. Although these objections are, again, largely duplicative of arguments presented in opposition, this Court will address them <u>de novo</u>.

The Report found that the Captain, who was the individual charged with decision-making authority, had Plaintiff removed from the flight based upon the information before him and upon which he was entitled to rely. (Report at 23-24.) Plaintiff acknowledges the relevant case law and agrees that the pilot's opinion, based on facts at the time of the removal decision, controls. (<u>See</u> Pl. Obj. at 5.) Despite this recognition, she again points to evidence that she claims disputes the flight attendants' versions of what occurred in the flight cabin; however, she does not cite to a shred of evidence that the Captain was aware of any of these allegedly disputed facts. Thus, while Plaintiff continues to maintain that

9

there are issues of fact, those facts, even if disputed, are immaterial to whether the Captain's decision was arbitrary and capricious. Accordingly, this objection is overruled.

Plaintiff also argued that Captain Jefferies did not have her removed from the flight because of safety concerns, but rather the "actual reason" was that the pilot "was tired, had flown too many hours and was resisting being assigned to fly the aircraft to Alaska." (Pl. Obj. at 8.) The Report characterizes this argument as an "attempt to create issues of fact." (Report at 25; id. at 25-28.) On this issue, Plaintiff objects and faults Judge Tomlinson for relying on the deposition testimony of Captain Jeffries and United employee Laura Tolen in reaching this conclusion. Specifically, Plaintiff argues that their testimony -- that the Captain was not fatigued -- is disputed by statements in the incident report authored by Tolen (the "Tolen Incident Report," ECF No. 118-6).

Plaintiff's position regarding the reliability of the Tolen Incident Report is inconsistent. (Compare Pl. Summ. J. Opp., ECF No. 115, at 10 (asserting that, as to statements made by Captain Jeffries, Tolen "simply invented those statements out of whole cloth, and falsely put them in her report without reason or basis"), with Pl. Obj. at 8 (calling the Tolen Incident Report "the best evidence of what actually happened"); see also Report at 27 (noting the "contradictory nature of Plaintiff's piecemeal

10

reliance on the Tolen Incident Report").)  Accepting Plaintiff's "best evidence" characterization of the Tolen Incident Report for purposes of this analysis, the Court finds that there is no inconsistency between the Tolen Incident Report and Tolen's and the Captain's deposition testimonies.  The Tolen Incident Report states that Captain Jeffries, after being told that Plaintiff had twice changed seats and was twice asked to return to her original seat, sought confirmation that Plaintiff "would cooperate with crew member instruction."  (Tolen Incident Report at 1.)  The Captain found Plaintiff's refusal to reply to this question "unacceptable" and decided to have her removed from the flight.  (Id.)  While awaiting her removal, which took some time, it is noted that Captain Jeffries "was fatigued as the scheduling of his line was CLE-SEA-ANC and he never got any rest, he was extremely upset at the line" and was "close to refusing the entire flight if the matter did not resolve quickly."  (Id.)  Thus, the Tolen Incident Report indicates that any "fatigue" experienced by the Captain was, at most, the result of having to wait for resolution of the situation involving Plaintiff.  It does not provide support for Plaintiff's speculative argument that fatigue was the actual basis for the Captain's decision to have Plaintiff removed from the flight, rather than her failure to comply with crew directives.  Accordingly, this objection is rejected and overruled.

D. <u>Remaining Objections</u>

Plaintiff further objects to the Report's finding that United "is not barred from re-raising at summary judgment the arguments it advanced at the motion to amend stage." (Report at 22.) Despite the Report's clear advisement that "allegations of fact which are accepted as true for purposes of a motion to amend are not sufficient to carry her burden in opposing a motion for summary judgment" (<u>id.</u> at 21-22), Plaintiff doggedly insists that Judge Bianco's rulings regarding a motion to amend constitute binding "law of the case" that there is no preemption under the FAA or ADA. This contention is meritless. Judge Bianco's ruling applied the motion to amend standard and was based on Plaintiff's allegations and the presumptive truth of those allegations. Indeed, in granting leave to amend, Judge Bianco clearly indicated that Plaintiff had asserted a "plausible claim" and that her allegations "<u>if proven</u>" would result in a determination that her claims are not preempted. (<u>See</u> July 5, 2019 Tr., ECF No. 73, at 16 (emphasis added).) Thus, Plaintiff's objection is overruled.

As to the remaining objections, this Court has conducted a <u>de novo</u> review of the Report and considered the full record, including Plaintiff's objections and Defendant's responses thereto. Upon completion of that review, and to the extent not explicitly stated herein, Plaintiff's objections are overruled, and the Report is adopted in its entirety.

12

CONCLUSION

For the foregoing reasons, Plaintiff's objections (ECF No. 126) are OVERRULED, the Report (ECF No. 124) is ADOPTED in its entirety, and Defendant's motion for summary judgment (ECF No. 110) is GRANTED.  The Clerk of the Court is directed to enter judgment in favor of Defendant and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 29, 2021
       Central Islip, New York